**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN DOE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-8171** |
| | : | |
| **THE JAMES E. BEASLEY SCHOOL** | : | |
| **OF LAW OF TEMPLE UNIVERSITY,** | : | |
| ***et al.*,** | : | |
| **Defendants.** | : | |

**ORDER**

**AND NOW**, this 28th day of October 2026, upon consideration of *pro se* Plaintiff John Doe's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Motion to File Under Seal (ECF No. 3), and Doe's failure to comply with Federal Rules of Civil Procedure 11[1] and 65(a), it is **ORDERED** that:

1. Doe's Motion to File Under Seal (ECF No. 3) is **GRANTED** for good cause shown. Doe is **DIRECTED** to file the relevant documents under seal within seven (7) days of the date of this Order.[2]

---

[1] Doe's submissions were signed with a "John Doe" typed signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party *personally* if the party is unrepresented." Fed. R. Civ. P. 11(a) (emphasis added). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of New York*, No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)).

[2] The Court's sealing order only applies to the exhibits included in his request, which are (1) evidence containing the faces, names, voices, and social media handles of Roe 1, Roe 2, Roe 3, Roe 4, and Doe; (2) the Title IX investigation record and hearing recording; (3) Doe's Petition to Proceed *In Forma Pauperis*; and (4) any reports by Roe 3 against Doe.

2. Doe's Motion to Proceed *In Forma Pauperis* (ECF No. 1) is **DENIED WITHOUT PREJUDICE** for lack of sufficient financial information to allow the Court to determine whether he has the means to pay the fees to commence this case. In determining whether a plaintiff is eligible to proceed *in forma pauperis*, the Court must assess the plaintiff's financial status. *See Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). "When exercising its discretion to approve or deny a motion to proceed IFP, a District Court 'must be rigorous . . . to ensure that the treasury is not unduly imposed upon.'" *In re Mock*, 252 F. App'x 522, 523 (3d Cir. 2007) (per curiam) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) (alteration in original)). Accordingly, it is appropriate for a district court to seek additional information about a plaintiff's financial status when questions are raised by his *in forma pauperis* application. *Assaad-Faltas v. Univ. of S.C.*, 971 F. Supp. 985, 987 (D.S.C. 1997) ("'[T]he Court may inquire into [a plaintiff's] allegations and demand more specific information if necessary for a proper assessment of the movant's financial status.'" (quoting *Monti v. McKeon*, 600 F. Supp. 112, 113 (D. Conn. 1984))).

Factors relevant to whether a litigant qualifies for *in forma pauperis* status include "(1) possible aid from friends or relatives; (2) possible aid from charities; (3) regular employment; (4) earning power; (5) unencumbered assets; (6) retention of counsel; and (7) the particular cost relative to the applicant's financial means." *In re Koren*, 176 B.R. 740, 744 (Bankr. E.D. Pa. 1995). "In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.'" *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978)).

Doe's financial circumstances are unclear. Although the Court recognizes that Doe states he is unemployed with no income, he left the majority of the form incomplete and does not explain how he is supporting himself. (*See* ECF No. 1.) Other than providing a $500 monthly expense for housing, he does not provide any information about any other expenses, such as how much he spends on food and other basic life necessities. (*Id.* at 4.) It is also unclear if he rents, owns, or is living with family or friends at his residence, which appears to be a single-family residence. As Doe's financial circumstances and how he is supporting himself are not clear to the Court, the Court cannot conclude at this time that he qualifies for *in forma pauperis* status.

3. The Clerk of Court is **DIRECTED** to send Doe an appropriate non-prisoner application to proceed *in forma pauperis*, bearing the civil action number of this case. Doe may use this form to seek leave to proceed *in forma pauperis* if he cannot afford to pay the fees to commence this case.

4. Alternatively, Doe may proceed with this case by paying $405 to the Clerk of Court within seven (7) days of the date of this Order.

5. If Doe seeks to proceed *in forma pauperis*, he shall within seven (7) days of the date of this Order, complete the *in forma pauperis* form **in its entirety** in a manner that makes clear to the Court how he is supporting himself and that clarifies the issues noted above. This means Doe must provide sufficient financial information for the Court to understand how he is supporting himself. If Doe is being supported by others, he should provide specific information about who provides that support **and** the specific amounts that they provide each month. Doe should also disclose any other sources of financial support apart from friends or family, and whether he has access to any financial accounts. Additionally, Doe must sign the form **utilizing his real name and under penalty of perjury** to attest that he is unable to pay the costs of these

proceedings. A false statement may result in dismissal of Doe's claims. If Doe is granted *in forma pauperis* status, the *in forma pauperis* statute requires the Court to review his complaint and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks damages from an immune defendant.

6. Doe is **FURTHER DIRECTED** to **complete** the Declaration form attached to this Order with his ***original signature*** **utilizing his real name**[3] and **return** the completed form to the Court within seven (7) days of the date of this Order to cure the Rule 11 deficiency.

7. Because it appears Defendants have not been given notice of Doe's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction as required under Federal Rule of Civil Procedure 65(a)[4], Doe is also **DIRECTED** to **FILE** a notice with the Court within seven (7) days of the date of this Order certifying that he has provided Defendants notice of his motion as required.

8. All pending motions, including Doe's emergency motion, will be held in abeyance until he complies with the entirety of this Order.[5] *See McDowell v. Delaware State*

---

[3] Because the Court requires the *in forma pauperis* form and declaration to be signed utilizing his real name, these documents may be filed under seal.

[4] The exception to issuing a temporary restraining order without written or oral notice to the adverse party or its attorney does not apply here, which would require:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

*See* Fed. R. Civ. P. 65(b).

[5] The Court notes the short period of seven-days to comply with this Order is given based on the nature of Doe's emergency motion.

*Police*, 88 F.3d 188, 191 (3d Cir. 1996) (explaining that a case is not considered "formally filed" until a litigant either pays the fee or is granted leave to proceed *in forma pauperis*).

9. If Doe fails to comply with this Order, this case may be dismissed without further notice for failure to prosecute.

**BY THE COURT:**

**KAI N. SCOTT, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN DOE,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-8171** |
| | : | |
| **THE JAMES E. BEASLEY SCHOOL** | : | |
| **OF LAW OF TEMPLE UNIVERSITY,** | : | |
| ***et al.*,** | : | |
| **Defendants.** | : | |

**DECLARATION**

1. I am the plaintiff in this action and I respectfully submit this Declaration in response to the Court's Order which accompanied this form Declaration. Pursuant to that Order, I have signed this Declaration as proof that I have read the Complaint (ECF No. 2), Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 5), and other pleadings filed in this action, and that I am the Plaintiff in this action.

2. Under Rule 11(b) of the Federal Rules of Civil Procedure, I certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

a) the Complaint and the Emergency Motion Requesting a Temporary Restraining Order and Preliminary Injunction are not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
b) the claims and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
c) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
d) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

____________________________ __________________
Signature Date

________________________________________
Printed Name

__________________________________________________________________________________
Address City State Zip Code