**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN DOE**,<br><br>*Plaintiff*,<br><br>v.<br><br>**THE JAMES E. BEASLEY SCHOOL OF LAW OF TEMPLE UNIVERSITY, et al.**,<br><br>*Defendants*. | **Case No. 2:26-cv-08171-JDW** |

**ORDER**

**AND NOW**, this 17th day of November, 2026, upon consideration of Plaintiff John Doe's Motion To Proceed Under Pseudonym (ECF No. 4), I note as follows.

1. Federal Rule of Civil Procedure 10(a) requires all parties to be named in the case caption. *See* Fed. R. Civ. P. 10(a). This rule "illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quotation omitted). Indeed, "[t]he people have a right to know who is using their courts." *Id.* (same). Thus, a party will be permitted to proceed on an anonymous basis only in "exceptional cases." *Id.* To proceed using a pseudonym, the movant first "must show 'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quotation omitted). Once the party makes that showing, I must consider a variety of factors to determine whether that party's reasonable fear of severe harm outweighs "the public's strong interest in an open litigation process." *Id.*

2. Mr. Doe has not demonstrated that this is an exceptional case that warrants anonymity. As an initial matter, he "sidesteps" the initial requisite showing of a reasonable fear of severe harm and skips right to the multi-factor balancing test that follows. *Strike 3 Holdings, LLC v. Doe*, No. 22-cv-1919, 2023 WL 3749969, *3 (D.N.J. June 1, 2023). As a result, his motion falls short.

3. Mr. Doe contends that litigating this case using his full name will "compound the emotional damages caused by being the victim of sexual misconduct[,]" and he also "fears stigmatization in both his community and professional life given the significant societal stigma associated with mental illness" and being accused of sexual misconduct. (ECF No. 4 at 6.) However, even if these alleged harms are severe, Mr. Doe has failed to demonstrate that his fear of such harms is reasonable.[1]

4. As I've recognized before, it is an unfortunate reality that victims of sexual assault may face stigmatization in our society. "However, the fact that a plaintiff is a victim of sexual assault is not, on its own, a reason to permit [him] to proceed anonymously. Nor does that fact turn the case into an exceptional one." *Doe v. Oeser*, No. 22-cv-4919, 2023 WL 1954695, *1, ¶ 4 (E.D. Pa. Jan. 11, 2023). And "although all sexual assaults are reprehensible, there are degrees of sexual assault[.]" *Id.* (quotation omitted). This means that not every sexual assault carries the same risk of stigma. *See id.* at *2, ¶ 5.

[1] Mr. Doe's motion also seeks permission to refer to certain third parties as Jane Roes 1 thru 4. However, those women are not Parties to this matter, so the analysis is not the same. As the case progresses, the Parties can revisit this issue if necessary.

5. Mr. Doe refers to "sexual assault" numerous times in his Amended Complaint, but he does so in a conclusory fashion, with no accompanying facts. However, the Amended Complaint includes allegations that Roe 1, Roe 3, and Roe 4 twisted Mr. Doe's testicles without his consent in order to hurt him. (*See* ECF No. 16 at ¶¶ 192, 328, 430.) Assuming this conduct constitutes sexual assault, Mr. Doe has not convinced me that it is similar to the types of sexual assault that carry a significant societal stigma. Thus, his fear of severe harm as a result of identifying as a victim of this assault is not reasonable.

6. In addition, Mr. Doe's fear of compounding emotional distress—while reasonable—is not tethered to the disclosure of his identity in this case. Accepting the allegations in the Amended Complaint as true (at this stage of the case), I have no reason to doubt that Mr. Doe has a fear of suffering further emotional harm from pursuing his claims in this case. "However, [Mr.] Doe has not provided a sufficient explanation as to why that harm would result from the disclosure of [his] name, as opposed to litigating the matter and having to re-visit the details" of the events at issue. *Oeser*, 2023 WL 1954695 at *2, ¶ 6. Thus, I cannot conclude that his fear of harm from public disclosure of his identity (as opposed to harm from rehashing painful events) is reasonable.

7. The same is true with respect to Mr. Doe's fear of stigmatization based on his mental health conditions. Certainly, judges have permitted parties to use pseudonyms in cases involving "mental illness." *Megless*, 654 F.3d at 408. But "mental illness" is not talismanic language, and parties must do more than rattle off a series of mental health

issues to proceed under a pseudonym. According to Mr. Doe, he suffers from "psychological disorders, anxiety disorder, depression, and PTSD …." (ECF No. 16 at ¶ 95.) But listing these conditions—some of which are common—and asserting a generalized fear of stigma is not enough to make that fear reasonable.[2]

8. Mr. Doe's fear of severe harm to his professional reputation presents a closer call. Mr. Doe intends to work as an attorney one day, and it is not unreasonable to assume that prospective employers might conduct a background check when deciding whether to hire him. A prospective employer could stumble upon this lawsuit and learn that Temple University found Mr. Doe responsible for sexual misconduct. Though that finding might not be sufficient to destroy Mr. Doe's job prospects, it is unlikely to help them. On the other hand, any future employer who learns of this lawsuit would also see that Mr. Doe has challenged Temple's decision, contending that it is based on an allegedly unlawful process. And that Mr. Doe "may suffer … economic harm is not enough." *Megless*, 654 F.3d at 408 (citation omitted). Thus, he has failed to demonstrate a reasonable fear of severe harm sufficient to warrant litigating in secret.

---

2 Happily, as our society evolves, so too does our tolerance and understanding. Thus, issues that may have carried a significant societal stigma decades ago—like "abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality—may no longer implicate a "strong social interest" in permitting litigants to conceal their identity. *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990) (quotation omitted).

9. Even if Mr. Doe had been able to demonstrate that he had a reasonable fear of severe harm from the disclosure of his identity in this lawsuit, his motion would still fail because that alleged fear is not sufficient to outweigh the public's right to know his identity.

10. In considering whether to permit a party to proceed under a pseudonym, factors that weigh in favor of anonymity include: "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Megless*, 654 F.3d at 409 (quotation omitted).

11. On the other hand, factors that disfavor anonymity include: "(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the

public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." *Id.* (same).

12. In this case, the public's strong interest in open litigation weighs against any of the alleged harms on which Mr. Doe relies. While Mr. Doe contends that he "maintained as much confidentiality as he could throughout the university's investigation" and has not told anyone about this lawsuit (ECF No. 4 at 6), his Amended Complaint alleges that the allegations against him "became public[.]" (ECF No. 16 at ¶ 82.) Yet, given the nature of the investigation and proceedings, it is likely that Temple's full investigative report and findings remain confidential. In addition, because he is not a public figure, the public's interest in knowing Mr. Doe's identity is not stronger than the average case. Thus, these two factors weigh in favor of anonymity.

13. In addition, Mr. Doe's assertion that he "will be unable to continue with this litigation … if [he] cannot proceed with anonymity" is significant. (ECF No. 4 at 8.) Those who suffer from mental health issues or any other disabilities should not be dissuaded from vindicating their rights in court. *See Provident Life*, 176 F.R.D. at 468. However, as indicated above, Mr. Doe's fear of stigma associated with his mental health issues appears to be overblown. And the possibility that he will "suffer embarrassment … is not enough." *Megless*, 654 F.3d at 408 (citation omitted). Each year, I have numerous cases on my docket in which plaintiffs claim to be suffering from a variety of mental health concerns,

and they do not have difficulty litigating their claims in the open. The same is true of plaintiffs who claim to have been victims of sexual assault in the workplace or otherwise.

14. Instead, more of the factors weigh in favor of disclosure, starting with the strong, universal interest in knowing who is using the courts. And because this case involves a public university, the public has an even greater interest in this matter.

15. Although the bases upon which Mr. Doe seeks to avoid disclosing his name may be substantial, in general, those concerns are not significant in this case for the reasons set forth above. Of course, "the public has a compelling need" to protect the identities of sexual assault victims "to promote disclosure[,]" *K.W. v. Holtzapple*, 299 F.R.D. 438, 442 (M.D. Pa. 2014), but Mr. Doe disclosed his allegations to Temple over the course of the investigation. And while this case stems from alleged sexual assaults against Mr. Doe by third parties, his claims are based on ***Temple's response*** to his disclosure (or lack thereof), rather than the assaults themselves. So, requiring Mr. Doe to reveal his identity in this lawsuit does not undermine the public policy in encouraging victims to report sexual assault.

16. Overall, even if Mr. Doe had a reasonable fear of severe harm, that fear would not be sufficient to overcome the public's right of access.

Therefore, it is **ORDERED** that Doe's Motion To Proceed Under Pseudonym (ECF No. 4) is **DENIED**.

It is **FURTHER ORDERED** that Mr. Doe shall file an Amended Complaint, using his real name, by November 24, 2026.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.